**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| **JOHN ANTHONY CASTRO**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:18-cv-00645-M |
| | ) | |
| v. | ) | |
| | ) | |
| **GEORGETOWN UNIVERSITY** | ) | |
| **AND NAN HUNTER,** | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

**Page**

INTRODUCTION..................................................................................................... 1

BACKGROUND ...................................................................................................... 2

ARGUMENT ............................................................................................................ 4

**THE COURT SHOULD DISMISS ALL OF CASTRO'S CLAIMS UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM............................................................ 4**

    A.   LEGAL STANDARD ................................................................... 4

    B.   EACH OF CASTRO'S CLAIMS IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS....... 5

        *1.*   *Castro's Section 1981 claims are subject to a two-year statute of limitations*.............. 5

        *2.*   *Castro's Title VI claims are subject to a two-year statute of limitations* ..................... 5

        *3.*   *Castro's TIPBR claim is subject to a two-year statute of limitations*........................... 6

        *4.*   *Castro's DCHRA claims are subject to a one-year statute of limitations* ..................... 6

        *5.*   *Each of Castro's claims is time-barred* ........................................................ 7

**IN THE ALTERNATIVE, THE COURT SHOULD DISMISS ALL OF CASTRO'S CLAIMS UNDER RULE 12(B)(2) FOR LACK OF PERSONAL OR GENERAL JURISDICTION ........................................................................................ 8**

    A.   LEGAL STANDARD ................................................................... 8

    B.   THE COURT LACKS GENERAL JURISDICTION OVER THE UNIVERSITY .................................... 9

    C.   THE COURT LACKS GENERAL JURISDICTION OVER HUNTER ............................... 11

    D.   THE COURT LACKS SPECIFIC JURISDICTION OVER DEFENDANTS ......................... 11

**CONCLUSION ....................................................................................... 14**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*5636 Alpha Rd. v. NCNB Texas Nat. Bank*,
 879 F. Supp. 655 (N.D. Tex. 1995) ..........................................................................6

*Achee v. Port Drum Co.*,
 197 F. Supp. 2d 723 (E.D. Tex. 2002) .....................................................................6

*Am. Univ. Sys., Inc. v. Am. Univ.*,
 858 F. Supp. 2d 705 (N.D. Tex. 2012) ...............................................................10, 11

*BNSF Ry. Co. v. Tyrrell*,
 137 S.Ct. 1549 (2017)................................................................................................9

*Burger King Corp. v. Rudzewicz*,
 471 U.S. 462 (1985)..................................................................................................12

*Celanese Corp. v. Clariant Corp.*,
 No. 3:14-CV-4165-M, 2015 WL 10580916 (N.D. Tex. July 27, 2015) (Lynn,
 J.)..........................................................................................................8, 9, 12, 13

*Chambers v. Green Tree Servicing LLC*,
 No. 3:15-CV-1879-M-BN, 2016 WL 8672775 (N.D. Tex. Sept. 30, 2016)............................4

*In re Chinese–Manufactured Drywall Products Liab. Litig.*,
 753 F.3d 521 (5th Cir. 2014) ........................................................................9, 11, 12

*Di Lella v. Univ. of D.C. David A. Clarke Sch. of Law*,
 570 F. Supp. 2d 1 (D.D.C. 2008) ..............................................................................6

*Ebert v. Levy*,
 No. CV 17-0925, 2018 WL 934834 (W.D. La. Feb. 15, 2018)...............................11

*Frazier v. Garrison I.S.D.*,
 980 F.2d 1514 (5th Cir. 1993) ...................................................................................6

*Hardnett v. Duquesne Univ.*,
 897 F. Supp. 920 (D. Md. 1995)..............................................................................11

*Henok v. Kessler*,
 78 F. Supp. 3d 452 (D.D.C. 2015), *aff'd sub nom. Araya v. Kessler*, No. 15-
 7021, 2015 WL 5210518 (D.C. Cir. Aug. 12, 2015) ...........................................6, 7

*Jeanbaptiste v. Wells Fargo Bank, N.A.*,
No. 3:14-CV-264-K, 2014 WL 2158415 (N.D. Tex. May 22, 2014), *aff'd*, No.
14-10671, 2014 WL 7723129 (5th Cir. Nov. 7, 2014) .........................................................3, 7

*Johnson v. CitiMortgage, Inc.*,
No. 3:14-CV-1794-M-BH, 2015 WL 269970 (N.D. Tex. Jan. 21, 2015) .......................3, 4, 5

*Johnson v. Crown Enterprises, Inc.*,
398 F.3d 339 (5th Cir. 2005) ..................................................................................................5

*Jones v. Hartford Life & Accident Ins. Co.*,
No. 2:16-CV-316, 2016 WL 5887601 (E.D. Tex. Oct. 7, 2016) ..........................................7, 8

*Jones v. R.R. Donnelley & Sons Co.*,
541 U.S. 369 (2004)..................................................................................................................5

*Lux v. Bank of New York Mellon*,
No. 3:13-CV-1697-M, 2014 WL 684972 (N.D. Tex. Feb. 20, 2014) (Lynn, J.,
accepting magistrate's findings and recommendation)............................................................7

*Mann v. Bartolotta*,
No. 3:08-CV-1834PCD, 2009 WL 1098982, (D. Conn. Apr. 21, 2009) ..................................7

*Monkton Ins. Servs., Ltd. v. Ritter*,
768 F.3d 429 (5th Cir. 2014) ...................................................................................................9

*My Fabric Designs, Inc. v. F+W Media, Inc.*,
No. 3:17-CV-2112-L, 2018 WL 1138436 (N.D. Tex. Mar. 2, 2018) .................................9, 12

*Norris v. Oklahoma City University*,
No. C-93-1626-VRW, 1993 WL 313122 (N.D. Cal. Aug. 3, 1993), *aff'd*, 21
F.3d 1115 (9th Cir. 1994) ......................................................................................................11

*Park v. Oxford Univ.*,
35 F. Supp. 2d 1165 (N.D. Cal. 1997), *aff'd*, 165 F.3d 917 (9th Cir. 1998) ...................10, 11

*Patton v. Fujitsu Tech. Sols., Inc.*,
No. CIV.A.3:02-CV-1848-G, 2002 WL 31498996 (N.D. Tex. Nov. 7, 2002).........................7

*Richards v. Duke Univ.*,
480 F. Supp. 2d 222 (D.D.C. 2007) ......................................................................................10

*Trustees of Columbia Univ. v. Ocean World, S.A.*,
12 So. 3d 788 (Fla. Dist. Ct. App. 2009) ..............................................................................10

**Statutes**

28 U.S.C. § 1658...........................................................................................................................5

42 U.S.C. § 1981 ...................................................................................................................4, 5

Title VI of the Civil Rights Act, 42 U.S.C. §§ 2000d *et seq.* ...............................................4, 5, 6, 8

District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 *et seq.* ...........................4, 6, 8

Tex. Civ. Prac. & Rem. Code § 16.003 ...................................................................................5, 6

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...........................................................................2, 3, 4, 7

Federal Rule of Civil Procedure 12(b)(2) ................................................................................2, 8

## **INTRODUCTION**

Plaintiff John Anthony Castro received an LLM in taxation from the Georgetown University Law Center almost five years ago. Shortly before graduating, Castro applied to participate in the University's annual spring job fair in Washington, D.C. Upon review of the resume submitted by Castro, University employees noticed apparent discrepancies in Castro's description of his work experiences. The University investigated and learned that, while some of the discrepancies might have been careless errors, others appeared to be deliberate misrepresentations. Defendant Nan Hunter, then the Dean of the LLM program, met with Castro and warned about the implications of misrepresenting his qualifications to prospective employers, and ultimately decided that Castro would not be permitted to attend the spring job fair.

Undeterred by the University's decision, Castro reached out directly to employers who would be attending and sought to arrange interviews with them at the job fair. When the University found out, it also became aware of another misrepresentation Castro had made:  he claimed to have been a cadet at the U.S. Military Academy at West Point, when in fact he had only briefly attended a prep school for students not yet academically qualified to attend West Point. Hunter referred the matter to the University's ethics counsel to assess whether Castro should be disciplined. Ultimately the University decided not to discipline Castro, and Castro received his LLM on schedule in the spring of 2013.

Castro's next interaction with the University came more than two years later, when he sought to participate as an employer in the very same spring job fair from which he had been excluded as a student based upon his dishonesty. Castro alleges correctly that Hunter and the University decided that he should not be permitted to participate. But Castro also alleges – without even attempting to provide any factual basis or context – that this decision was made

because he is Hispanic and in retaliation for a similar complaint of discrimination he claims to have made while he was a student at the Law Center. In response to the decision to deny him participation as an employer in the job fair, Castro now sues the University and Hunter under various federal and District of Columbia statutes and in tort.  Castro's Complaint has two fatal flaws that require the dismissal of this case.

First, in the Complaint, Castro studiously avoids mentioning the *date* on which the denial about which he complains took place. As reflected unequivocally in an email defendants have attached to this motion – to which Castro's Complaint refers and on which his claims depend – the University denied Castro's request to participate in the job fair as an employer on December 16, 2015. This date places Castro outside of the applicable statute of limitations for every claim he asserts. On that basis, his Complaint should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6).

Second, even if the Court declines to dismiss Castro's claims as time-barred, it should dismiss them under Rule 12(b)(2) because Castro does not allege any significant connection between either the University or Hunter and Texas, and thus the Court does not have personal jurisdiction over the either of the defendants in this case.

## BACKGROUND

Castro attended Georgetown University Law Center and earned an LLM in International Taxation.[1]  Compl. ¶ 9. Castro alleges that while attending the University, and in advance of the University's annual spring job fair he had applied to attend, he was asked by the Dean's office about statements he made on his resume regarding his "West Point attendance and service."  *Id.* ¶¶ 10-11. Castro claims that he was accepted to West Point on the condition that he substantially

---

[1]     The facts asserted here are taken from the Complaint, which defendants must accept as true for purposes of this motion.

improve his reading and writing skills, and that he attended the United States Military Academy Preparatory School for one year for that purpose. *Id.* ¶ 13. He states he attended West Point for one year before withdrawing and receiving an honorable discharge. *Id.* ¶ 14.

During the Dean's inquiry, Castro alleges he produced documents showing he had not done anything dishonest or misleading. *Id.* ¶ 16. He claims "Defendant" was not satisfied and "intended to initiate expulsion proceedings." *Id.* ¶ 17. Castro alleges that at this point he appealed to the Dean of the Law Center that he felt "racially targeted" by Hunter, and that the Dean appointed an independent law professor to investigate. *Id.* ¶ 18. The professor concluded that expulsion was not merited. *Id.* ¶ 19. Castro claims that "Defendant" was "upset" by this result and decided to bar him from participating in the spring job fair. *Id.* ¶ 20.

Castro alleges that after he received his LLM, he applied to participate in the University's spring job fair (known as the Taxation Interview Program, or "TIP") as an employer in search of students to whom his law firm might offer employment. *Id.* ¶ 21. He alleges that, in a communication he received from the University, he was advised that his application to participate in TIP was denied. *Id.* ¶ 22. Although Castro omits the date of this communication, the email attached to this memorandum as Exhibit A shows that it took place on December 16, 2015.[2] Ex. A at 1.

---

[2]      Although a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Johnson v. CitiMortgage, Inc.*, No. 3:14-CV-1794-M-BH, 2015 WL 269970, at *3 (N.D. Tex. Jan. 21, 2015) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000)). When such documents are incorporated into the pleadings, the Court may consider them without converting the motion to dismiss into one for summary judgment. *Id.* (citing *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *see id.* (finding documents attached by defendant to motion to dismiss that were referred to by the complaint to be incorporated into the pleadings); *Jeanbaptiste v. Wells Fargo Bank, N.A.*, No. 3:14-CV-264-K, 2014 WL 2158415, at *7 (N.D. Tex. May 22, 2014), *aff'd*, No. 14-10671, 2014 WL 7723129 (5th Cir. Nov. 7, 2014) (same). Castro's claims are premised entirely on Hunter's alleged denial of his application to participate in the spring job fair as an employer, and he specifically references this email communication in his Complaint. *See* Compl. ¶ 22. Accordingly, the email should be considered part of the pleadings and appropriate for consideration in connection with this motion to dismiss.

Based on the denial of his application to take part in the job fair as an employer, Castro brings claims against the University for race discrimination and retaliation under Title VI of the Civil Rights Act, 42 U.S.C. §§ 2000d *et seq.* ("Title VI") (Counts III and IV), and for race discrimination under the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 *et seq.* (the "DCHRA") (Count V). He asserts claims against Hunter for race discrimination and retaliation under 42 U.S.C. § 1981 ("Section 1981") (Counts I and II), retaliation under the DCHRA (Count VI), and tortious interference with prospective business relations (Count VII).

Castro also alleges that he maintains an office in Dallas, Texas and that both the University and Hunter are located in the District of Columbia. Compl. ¶¶ 5-7.

## ARGUMENT

## THE COURT SHOULD DISMISS ALL OF CASTRO'S CLAIMS UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

### A.    Legal Standard

"In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must 'accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Chambers v. Green Tree Servicing LLC*, No. 3:15-CV-1879-M-BN, 2016 WL 8672775, at *3 (N.D. Tex. Sept. 30, 2016) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007)). The plaintiff must allege "specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal." *Johnson v. CitiMortgage, Inc.*, No. 3:14-CV-1794-M-BH, 2015 WL 269970, at *2 (N.D. Tex. Jan. 21, 2015) (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992)). The facts alleged "must 'raise a right to relief above the speculative level,'" and "a complaint fails to state a claim upon which relief may be granted when it fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

**B.      Each of Castro's claims is barred by the applicable statute of limitations**

Castro asserts claims against the University under Title VI and the DCHRA, and against

Hunter under Section 1981, the DCHRA, and for tortious interference with prospective business

relationships ("TIPBR"). Each of those claims has either a two-year statute of limitations

(Section 1981, Title VI, and TIPBR) or a one-year statute of limitations (DCHRA). Because the

allegedly discriminatory act Castro complains of – the denial of his request to participate in the

job fair as an employer – took place more than two years before he filed his Complaint, all of his

claims are time-barred and should be dismissed with prejudice.

1.      Castro's Section 1981 claims are subject to a two-year statute of
limitations

Courts apply "the most appropriate or analogous state statute of limitations" to Section

1981 actions. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004) (quoting *Goodman

v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)). In the Fifth Circuit, that state statute of

limitations is the "relevant state personal injury limitations period."   *Johnson v. Crown

Enterprises, Inc.*, 398 F.3d 339, 341 (5th Cir. 2005). Texas's personal injury statute of

limitations is two years. Tex. Civ. Prac. & Rem. Code § 16.003. Thus, Castro's Section 1981

claims are subject to a two-year statute of limitations.[3]

2.      Castro's Title VI claims are subject to a two-year statute of limitations

The statute of limitations for Title VI actions is the forum state's general personal injury

limitations period, which in Texas is two years. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1521

---

[3]      A Section 1981 claim is subject to a four-year statute of limitations under 28 U.S.C. Section 1658 only if
that claim was made possible by the 1991 amendment to Section 1981. *Johnson* 398 F.3d at 341 (citing
*Jones*, 541 U.S. at 382-83). The 1991 amendment broadened Section 1981's reach to cover "conduct . . .
that occurs after contract formation."   *Id.* However, where a plaintiff sues for conduct prior to contract
formation, *i.e.*, "for failure to enter into a new contract with him," the claim is not subject to this four-year
statute of limitations. *Id.* at 341-42. Castro's claim asserts only that the University declined to enter a
contract with him, *see* Compl. ¶ 28, and thus his claim is not subject to this four-year statute of limitations.

(5th Cir. 1993) (affirming district court's application of Texas's personal injury statute of limitations to Title VI claim); *Achee v. Port Drum Co.*, 197 F. Supp. 2d 723, 728 (E.D. Tex. 2002) (applying two-year statute of limitations to Title VI claims); *see* Tex. Civ. Prac. & Rem. Code § 16.003. Thus Castro's claims under Title VI are also subject to a two-year statute of limitations.

   3. Castro's TIPBR claim is subject to a two-year statute of limitations

"Texas law provides that a claim for tortious inference with business relations is governed by a two-year statute of limitations." *5636 Alpha Rd. v. NCNB Texas Nat. Bank*, 879 F. Supp. 655, 662 (N.D. Tex. 1995) (citing *First Nat. Bank of Eagle Pass v. Levine*, 721 S.W.2d 287, 289 (Tex. 1986). Accordingly, this two-year limitations period governs Castro's TIPBR claim.

   4. Castro's DCHRA claims are subject to a one-year statute of limitations

Claims brought under the DCHRA are subject to a one-year statute of limitations. D.C. Code § 2-1403.16(a) ("A private cause of action pursuant to this chapter shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory act, or the discovery thereof . . . ."); *see Di Lella v. Univ. of D.C. David A. Clarke Sch. of Law*, 570 F. Supp. 2d 1, 7 (D.D.C. 2008) (applying one-year statute of limitations to former law student's discrimination claim under the DCHRA); *Henok v. Kessler*, 78 F. Supp. 3d 452, 462 (D.D.C. 2015), *aff'd sub nom. Araya v. Kessler*, No. 15-7021, 2015 WL 5210518 (D.C. Cir. Aug. 12, 2015) (applying one-year statute of limitations). Having stated no basis for tolling,[4] Castro's DCHRA claims are subject to this one-year statute of limitations.

---

[4] Claims under the DCHRA are tolled if a complainant files a charge of discrimination with the District of Columbia Office of Human Rights, *see Henok*, 78 F. Supp. 3d at 462 (citing D.C. Code § 2-1403.16(a)), but Castro does not allege that he ever filed such a charge.

5.      Each of Castro's claims is time-barred

Although statute of limitations is an affirmative defense, a defendant is entitled to dismissal with prejudice under Rule 12(b)(6) if the facts giving rise to the defense appear on the face of the complaint. *Jeanbaptiste v. Wells Fargo Bank, N.A.*, No. 3:14-CV-264-K, 2014 WL 2158415, at *8 (N.D. Tex. May 22, 2014), *aff'd*, No. 14-10671, 2014 WL 7723129 (5th Cir. Nov. 7, 2014) (citing *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994)). This condition is satisfied where some or all of the facts upon which the defense is based appear in a document attached to a motion to dismiss that is incorporated by reference into the pleadings. *See, e.g.*, *id.* at *7-8 (relying on substitute trustee's deed attached by defendant to motion to dismiss to establish that claim was barred by statute of limitations and dismissing claim with prejudice); *Lux v. Bank of New York Mellon*, No. 3:13-CV-1697-M, 2014 WL 684972, at *3, 5 (N.D. Tex. Feb. 20, 2014) (Lynn, J., accepting magistrate's findings and recommendation) (relying on documents attached to defendant's motion to find that claim under Texas constitution was time-barred); *Patton v. Fujitsu Tech. Sols., Inc.*, No. CIV.A.3:02-CV-1848-G, 2002 WL 31498996, at *4 (N.D. Tex. Nov. 7, 2002) (relying on documents attached by defendant to dismiss claims for being untimely and failing to exhaust administrative remedies); *Jones v. Hartford Life & Accident Ins. Co.*, No. 2:16-CV-316, 2016 WL 5887601, at *2 (E.D. Tex. Oct. 7, 2016) (relying on documents attached to defendant's motion to dismiss claims with prejudice on limitations grounds); *see id.* (noting that a plaintiff cannot circumvent the relevant limitations period "by merely omitting the . . . relevant dates from the pleadings"); *Mann v. Bartolotta*, No. 3:08-CV-1834PCD, 2009 WL 1098982, at *2 (D. Conn. Apr. 21, 2009) ("The fact that Plaintiff appears to have intentionally omitted a relevant date from the complaint does not act to save the complaint from dismissal on statute of limitations grounds.").

Castro does not allege when the act of which he complains – the denial of his request to participate in the spring job fair as an employer – took place. Compl. ¶ 22. However, Exhibit A shows that Castro was made aware of the denial on December 16, 2015 when Molly Scott, a University employee, emailed Castro to inform him of the denial, copying Hunter. Ex. A (Dec. 16, 2015 email) at 1.[5] This email responded to Castro's email requesting that he be allowed to participate. *Id.* at 1-2. Castro did not file his Complaint until March 19, 2018, *see* Compl., more than two years later.

Given the two-year statute of limitations that applies to his claims under Section 1981, Title VI, and for TIPBR, and the one-year statute of limitations that applies to his DCHRA claims, Exhibit A conclusively demonstrates that all of Castro's claims are time-barred. The Court should dismiss them with prejudice.

**IN THE ALTERNATIVE, THE COURT SHOULD DISMISS ALL OF CASTRO'S CLAIMS UNDER RULE 12(B)(2) FOR LACK OF PERSONAL OR GENERAL JURISDICTION**

In the event the Court does not find that all of Castro's claims are time-barred, all of them should be dismissed for another reason: Castro has alleged nothing to establish personal jurisdiction over either the University or Hunter in the Northern District of Texas.

A.      **Legal Standard**

"When a defendant challenges personal jurisdiction, the plaintiff bears the burden of 'mak[ing] a prima facie showing that personal jurisdiction is proper.'" *Celanese Corp. v. Clariant Corp.*, No. 3:14-CV-4165-M, 2015 WL 10580916, at *1 (N.D. Tex. July 27, 2015) (Lynn, J.) (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014)). In

---

[5]      As explained in note 2, *supra*, this document is incorporated into the pleadings because Castro references it in his Complaint and, as the communication upon which all of his claims are based, it is central to his claims.

evaluating the motion the Court "may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery," *id.* (quoting *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)), but all factual conflicts raised by such documents are resolved in the plaintiff's favor. *Id.* (citing *Monkton*, 768 F.3d at 431). Because the Texas long-arm statute extends to the limits of what is permissible under the United States Constitution, this Court can exercise of personal jurisdiction over a defendant only if that exercise is consistent with Constitutional due process. *Id.* at *2 (citing *In re Chinese–Manufactured Drywall Products Liab. Litig.*, 753 F.3d 521, 535 (5th Cir. 2014); *Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir. 2008)).

### B.    The Court lacks general jurisdiction over the University

A court may exercise general jurisdiction over nonresident defendant corporations when "their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State."  *My Fabric Designs, Inc. v. F+W Media, Inc.*, No. 3:17-CV-2112-L, 2018 WL 1138436, at *4 (N.D. Tex. Mar. 2, 2018) (quoting *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017)). Whether a corporation is "essentially at home" focuses on the corporation's "activities in their entirety, nationwide and worldwide," *id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 762 (2014)), not "solely on the magnitude of the defendant's in-state contacts."  *Id.* (quoting *BNSF*, 137 S.Ct. at 1559). The Supreme Court has said that it will be the "exceptional case" in which there exists general jurisdiction over a corporate defendant other than in the forums where it is incorporated and has its principal place of business. *BNSF*, 137 S.Ct. at 1558 (quoting *Daimler*, 571 U.S. at 761 n.19); *see also* Monkton, 768 F.3d at 432 ("It is . . . incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business."). Only once the plaintiff establishes the requisite minimum contacts with the forum state as described above does the burden shift to the defendant

to show that the assertion of jurisdiction would be unfair. *My Fabric Designs*, 2018 WL 1138436, at *4 (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 245 (5th Cir. 2008)).

Here, Castro makes no allegation that the University has *any* connection with Texas, much less the "continuous and systematic" contacts required to show that the University is "essentially at home" in Texas. *See* Compl. ¶ 7 (alleging only that the University is located in the District of Columbia and organized under District of Columbia law).

Moreover, even if Castro had alleged that the University had some connection with Texas, this Court and others "have unanimously determined that [an out-of-state educational] institution is not subject to general personal jurisdiction where its only contacts with the forum state are its involvement in activities that are typical of a nationally prominent university." *Am. Univ. Sys., Inc. v. Am. Univ.*, 858 F. Supp. 2d 705, 713-14 (N.D. Tex. 2012). Instead, "[e]vidence that a university recruits or admits students from the forum state, employs forum residents, receives revenue from the state in the form of fundraising, or has contact with prospective students and alumni in the state is simply insufficient to support the exercise of general jurisdiction." *Id.* at 714. *See, e.g., Trustees of Columbia Univ. v. Ocean World, S.A.*, 12 So. 3d 788, 794 (Fla. Dist. Ct. App. 2009) ("We agree with other courts which have held that the activities of a school's alumni association are not the type of systematic, continuous business activity that results in general jurisdiction over the school."); *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 230 (D.D.C. 2007) (recruiting students, raising funds, participating in events, hosting faculty, and conducting government relations and lobbying in the District of Columbia insufficient to establish general jurisdiction); *Park v. Oxford Univ.*, 35 F. Supp. 2d 1165, 1167 (N.D. Cal. 1997), *aff'd*, 165 F.3d 917 (9th Cir. 1998) (fact that Oxford solicits money from

California residents as an "important form of fund-raising" insufficient to establish general jurisdiction); *Norris v. Oklahoma City University*, No. C-93-1626-VRW, 1993 WL 313122, at *1 (N.D. Cal. Aug. 3, 1993), *aff'd*, 21 F.3d 1115 (9th Cir. 1994) (that university maintained contact with current students and alumni within forum state insufficient to constitute "continuous and systematic" contacts for purposes of general jurisdiction); *Hardnett v. Duquesne Univ.,* 897 F. Supp. 920, 923 (D. Md. 1995) (no general jurisdiction over university where recruiter visited college fair in forum state and toll-free number was made available to students in forum state to enable students to obtain more information about university).

Castro pleads no facts showing, or even suggesting, that the University is "essentially at home" in Texas. He has not met his burden to demonstrate minimum contacts, and thus he cannot establish general jurisdiction over the University in Texas.

### C.     The Court lacks general jurisdiction over Hunter

In the case of a natural person, "general personal jurisdiction exists in her state of domicile." *Ebert v. Levy*, No. CV 17-0925, 2018 WL 934834, at *3 (W.D. La. Feb. 15, 2018) (citing *Milliken v. Meyer*, 311 U.S. 457, 463–64 (1940)). A natural person is also subject to suit if she is served while physically present in the forum state. *Id.* (citing *Burnham v. Superior Court of Cal., Cty. of Marin*, 495 U.S. 604, 628 (1990) (plurality opinion).

Castro alleges only that Hunter has an office in the District of Columbia. Compl. ¶ 6. He alleges nothing about where she resides. Castro has alleged no basis to establish general jurisdiction over Hunter in Texas.

### D.     The Court lacks specific jurisdiction over defendants

"A court may exercise specific personal jurisdiction over a nonresident defendant when its contacts with the forum state arise from, or are directly related to, the cause of action." *Am. Univ. Sys.*, 858 F. Supp. 2d at 716 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*,

466 U.S. 408, 414 n.8 (1984)). The inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Chinese–Manufactured Drywall*, 753 F.3d at 529 (quoting *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014)). The Fifth Circuit requires a three-step inquiry to analyze an assertion of specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Celanese*, 2015 WL 10580916, at *3 (quoting *Monkton*, 768 F.3d at 433). The plaintiff must establish the first two prongs before the burden shifts to the defendant regarding the third prong. *Id.*; *My Fabric Designs*, 2018 WL 1138436, at *5.

The "touchstone" of the minimum contacts issue is "'whether the defendant's conduct shows that it reasonably anticipates being haled into court.'" *Celanese*, 2015 WL 10580916, at *3 (quoting *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)). As such, "[s]pecific jurisdiction cannot be established through random, fortuitous, or attenuated contacts, nor from the 'unilateral activity of a third party or another person.'" *Id.* (quoting *McFadin*, 587 F.3d at 759); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Moreover, "the Fifth Circuit has consistently held that 'merely contracting with a resident of a forum state is insufficient to subject the nonresident to the forum's jurisdiction.'" *My Fabric Designs*, 2018 WL 1138436, at *6 (quoting *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004)). Further, a defendant's communications with a person in the forum state "do not, by themselves, constitute purposeful availment sufficient to invoke the benefits and protections of the forum state's laws." *Id.* (citing *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986)).

-12-

As discussed above, Castro does not allege that defendants have any contacts with Texas, minimum or otherwise. Nor does he identify any way in which his claims arose out of any conduct specifically directed at Texas. He alleges that he applied to participate as employer in the University's spring job fair held in Washington, D.C. and that the decision to deny his participation was made by Hunter in the District of Columbia and communicated by email. Compl. ¶¶ 21-22.

The gist of Castro's allegations is that defendants refused to contract with him. But if "merely contracting with a resident of the forum state does not establish minimum contacts," *Celanese*, 2015 WL 10580916, at *3 (quoting *McFadin*, 587 F.3d at 760), then surely *not* contracting with a resident of the forum state cannot satisfy the burden either. Castro pleads no facts which show that the University and one of its employees would have "reasonably anticipate[d] being haled into court" in Texas when they sent him an email in response to his request to participate in a job fair in Washington. *Id.* at *4 (quoting *McFadin*, 587 F.3d at 759). He cannot make out a prima facie case of specific jurisdiction over the University or Hunter.

## <u>CONCLUSION</u>

For the reasons stated above, defendants Georgetown University and Nan Hunter respectfully request that the Court dismiss all of plaintiff John Anthony Castro's claims against them with prejudice under Rule 12(b)(6) because Castro cannot state a claim against either of them under any of the theories he raises. Should the Court disagree, in the alternative it should dismiss the Complaint under Rule 12(b)(2) for failure to allege personal jurisdiction over either defendant.


Dated:  April 17, 2018

                                        Respectfully submitted,

                                         _/s John A. Basinger_____
                                        John A. Basinger (Texas Bar No. 00796173)
                                        Saul Ewing Arnstein & Lehr LLP
                                        One Riverfront Plaza
                                        1037 Raymond Blvd., Suite 1520
                                        Newark, New Jersey 07102-5426
                                        (973) 286-6724 Tel.
                                        (973) 286-6800 Fax
                                        john.basinger@saul.com

                                        William D. Nussbaum (*pro hac vice* motion
                                        forthcoming)
                                        Saul Ewing Arnstein & Lehr LLP
                                        1919 Pennsylvania Avenue NW
                                        Suite 550
                                        Washington, D.C. 20006
                                        (202) 295-6652 Tel.
                                        (202) 295-6715 Fax
                                        william.nussbaum@saul.com

                                        *Counsel for Defendants*