IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-645-M |
| | § | |
| GEORGETOWN UNIVERSITY and NAN HUNTER, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss (ECF No. 13), filed by Defendants Georgetown University and Nan Hunter. After consideration, the Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff John Anthony Castro, a Hispanic man, was a law student at Georgetown University, in Washington, D.C. (1st Am. Compl, ECF No. 11 at ¶¶ 5, 6, 8). While Castro was enrolled, the University allegedly learned that Castro had mischaracterized information on his résumé and considered expelling him, but the University ultimately did not do so. (*Id.* at ¶¶ 9–19).

After graduating from Georgetown, Castro moved to Dallas, Texas to start an international tax practice. (*Id.* at ¶¶ 4, 20). At some unidentified date, Castro alleges he applied for his firm to attend Georgetown's "Taxation Interview Program" to interview graduates of Georgetown's Master of Laws in Taxation program. (*Id.* at ¶ 20). The law school denied Castro's application. (*Id.* at ¶ 21). Castro placed a phone call to the law school to ask why his application was denied, and he was allegedly told that Defendant Hunter, an associate dean at the law school, did not want him to participate. (*Id.* at ¶¶ 5, 21).

On March 19, 2018, Castro filed this lawsuit, asserting claims against Defendants for discrimination, retaliation, and tortious interference with prospective business relations. (ECF No. 1).

On May 14, 2018, Defendants filed a Motion to Dismiss, arguing that this Court lacks personal jurisdiction over Defendants, and that Castro failed to allege a plausible claim for relief. (ECF No. 13). Castro filed no response to the Motion to Dismiss. (ECF No. 18).

## II. LEGAL STANDARD

If a court lacks personal jurisdiction, it cannot adjudicate the merits of the asserted claims. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231–32 (5th Cir. 2012) (affirming district court's decision to dismiss case for lack of personal jurisdiction, without separately ruling on the defendant's pending Rule 12(b)(6) arguments).

Castro has the burden to establish a prima facie case that Defendants are subject to personal jurisdiction in Texas. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). Personal jurisdiction may be exercised over a defendant when a state's long-arm statute authorizes service of process, and the assertion of jurisdiction would be consistent with the requirements of due process. *Pervasive Software*, 688 F.3d at 220. Because the Texas long-arm statute is coextensive with the limits of due process, the Court need only analyze whether the exercise of personal jurisdiction would violate due process. *See Purcel v. Advanced Bionics Holding Corp.*, No. 3:07-CV-1777-M, 2008 WL 4790998, at *1 (N.D. Tex. 2008). Due process requirements are satisfied if the non-resident defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal quotations omitted).

Two types of minimum contacts support jurisdiction over a defendant: contacts that give rise to general personal jurisdiction and contacts supporting specific personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984). A court may exercise general jurisdiction over a defendant entity only if the entity's "affiliations with the State in which suit is brought are so constant and pervasive 'as to render [the defendant] at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846 (2011)); *see New World Int'l, Inc. v. Ford Glob. Techs.,* LLC, No. 3:15-CV-01121-M, 2016 WL 1069675, at *3 (N.D. Tex. 2016) (Lynn, J.). To satisfy this standard, the entity must be incorporated in the state, headquartered in the state, or have some other equivalent presence in the state. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1553 (2017).

For specific jurisdiction, a plaintiff must show that (1) the defendant purposefully directed his activities at residents in the forum, (2) the litigation results from alleged injuries that arise from or relate to the defendant's activities in the forum, and (3) the exercise of jurisdiction will comport with "fair play or substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citing *Int'l Shoe*, 326 U.S. 310). A defendant's isolated or occasional activities in the forum are insufficient to establish jurisdiction if the "nature and quality and the circumstances" of those activities establish only an attenuated affiliation with the forum. *Id.* at 475–76 n.18. The mere fortuity that a plaintiff happens to be a resident of the forum is not enough to support specific jurisdiction. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 870 (5th Cir. 2001).

### III.  ANALYSIS

Because Plaintiff chose not to respond to the Motion to Dismiss, the Court must judge the issue of jurisdiction by analyzing the Complaint. General jurisdiction over Defendants is lacking

in this case. Both Defendants are located in Washington, D.C. (ECF No. 11 at ¶¶ 5,6). Castro does not allege that either Defendant has any other connection with Texas. Thus, Castro has not shown that either Defendant is "at home" in Texas, and general jurisdiction over Defendants does not exist. *See My Fabric Designs, Inc. v. F+W Media, Inc.*, No. 3:17-CV-2112-L, 2018 WL 1138436, at *8 (N.D. Tex. 2018).

Castro also has not set forth a basis for this Court to exercise specific jurisdiction over Defendants. Defendants' only alleged contact with Texas is that Castro, a Texas resident, placed a phone call, on an unidentified date, to Georgetown University's Career Services Office. (ECF No. 11 at ¶ 21). This single contact is not evidence that Defendants purposefully directed any activities to Texas. Nothing about this communication shows that Defendants took any action in or directed to Texas that gives rise to this lawsuit, so as to purposely avail themselves of the benefits of doing business in Texas. *See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 313 (5th Cir. 2007); *Tornado Bus Co. v. Bus & Coach Am. Corp.,* No. 3:14-CV-3231-M, 2014 WL 7333873, at *3 (N.D. Tex. Dec. 23, 2014).

The Court therefore concludes that it lacks personal jurisdiction over Defendants.

### IV.   CONCLUSION

Because Castro has failed to allege a basis for this Court to exercise personal jurisdiction over Defendants, Defendants' Motion to Dismiss is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

August 14, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE